IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRANDON L. WYCHE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 18-1478 (MN) |
| ) | |
| DANA METZGER, Warden, and ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

### MEMORANDUM ORDER

At Wilmington, this 11th day of June 2021,

Presently before the Court is Petitioner Brandon L. Wyche's ("Petitioner") letter Motion to Reopen the instant case. (D.I. 7). For the reasons discussed below, the Motion will be DENIED.

### I.  INTRODUCTION

In 2014, a Delaware Superior Court jury convicted Petitioner Brandon Wyche ("Petitioner") of first degree murder and possession of a firearm during the commission of a felony. (D.I. 1 at 1, 6-7; D.I. 3 at 1). Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentence in 2015. (D.I. 1 at 2; D.I. 3 at 2); *see also Wyche v. State*, 113 A.3d 162, 167 (Del. 2015). In July 2015, Petitioner filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *See State v. Wyche*, 2018 WL 1151931, at *1 (Del. Super. Ct. Mar. 5, 2018). The Superior Court denied the Rule 61 motion on March 5, 2018, and the Delaware Supreme Court affirmed that decision on January 17, 2019. *See id* at *3; *Wyche v. State*, 202 A.3d 510 (Table), 2019 WL 259042 at *3 (Del. Jan. 17, 2019).

On September 25, 2018, while his post-conviction appeal was still pending, Petitioner filed papers in this Court indicating he was seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1). Petitioner's filing of the papers triggered the opening of the instant civil case – C.A. No. 18-1478-MN. On October 1, 2018, Petitioner filed a form application titled "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody" ("form petition") challenging the same conviction challenged by the habeas corpus papers filed on September 25, 2018. In error, however, the form petition was not docketed in the instant case, C.A. No. 18-1478-MN. Rather, on October 1, 2018, the form petition was docketed in a new civil case (C.A. No. 18-1520-MN). (*See* D.I. 1 in *Wyche v. Metzger*, C.A. No. 18-1520-MN). On December 21, 2018, after discovering the mistaken opening of a second civil case, the Court issued an Order directing the Clerk to close C.A. No. 18-1520-MN and to re-file the October 1, 2018 form petition in C.A. No. 18-1478-MN. (*See* D.I. 3 in *Wyche v. Metzger*, C.A. No. 18-1520-MN). As directed, the Clerk closed C.A. No. 18-1520-MN and filed the form petition from C.A. No. 18-1520 in the instant case. (D.I. 3). Thereafter, the Court issued an initial AEDPA Order in this case advising Petitioner of his rights under 28 U.S.C. § 2244 and informing him that a one-year statute of limitations applied to federal habeas proceedings. (D.I. 4). Petitioner filed an AEDPA Election Form on November 12, 2019 informing the Court that he wished to withdraw his § 2254 petition without prejudice and acknowledging his understanding of the statute of limitations. (D.I. 5). On December 16, 2019, given Petitioner's explicit request, the Court issued an Order dismissing his habeas petition without prejudice and closed the case. (D.I. 6).

On May 21, 2021, Petitioner filed a letter Motion to Reopen the instant case. (D.I. 7).

## II.     DISCUSSION

Petitioner asks the Court to "reopen" his previously dismissed habeas proceeding so that he can "have an opportunity to submit [his] federal habeas claims." (D.I. 7 at 1). As a general rule, however, the proper procedure for reinstating a case that has been voluntarily dismissed is for the petitioner to file a new petition in a new civil case rather than reopening the closed case. *See, e.g., Eggleston v. Daniels,,* 2017 WL 3977799, at *3 (E.D. Mich. Sept. 11, 2017) ("In order to re-open a case that has been voluntarily dismissed without prejudice, the proper course of action is to file a new complaint, not re-open."); *Baxter v. Atlantic Care Main Pomona Hosp.*, 2015 WL 715012, at *1 (D.N.J. Feb. 19, 2015); *Zibolsky v. Brown County*, 2007 WL 1556179, at *1 (E.D. Wis. May 25, 2007) ("Once plaintiff initiated the dismissal of his own complaint, his remedy was not reinstatement of the complaint or an appeal from the voluntary dismissal, but a new lawsuit, subject only to statute-of-limitations constraints."). Given this principle, the Court's initial inclination is to deny the Motion to Reopen.

Additionally, even if the Court were to treat the instant Motion to Reopen as though filed pursuant to Rule 60(b)(1) or (6) of the Federal Rules of Civil Procedure,[1] the Court would still conclude that the Motion does not justify reopening the case. Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the

---

[1] The Court's December 21, 2018 order dismissed Petitioner's habeas petition without prejudice. While some circuits do not view a voluntary dismissal as a final proceeding for Rule 60(b) purposes, the Third Circuit has applied Rule 60(b) to motions seeking to reopen voluntarily dismissed cases. *See, e.g., Kagalwalla v. Downing*, 811 F. App'x 152 (3d Cir. 2020). Therefore, the Court will exercise prudence by providing an additional analysis under Rule 60(b).

3

>judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b)(1) motion seeking relief on the basis of "mistake, inadvertence, surprise, or excusable neglect" must be filed no more than a year after the entry of the judgment, order, or date of proceeding. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b)(6) motion seeking relief for "any other reason" must be filed within a "reasonable time," which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988). As a general rule, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *See, e.g., Pioneer Inv. Services Co. v. Brunswick Ass'n. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (stating "a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)."); *see also Mitchell v. Fuentes*, 761 F. App'x 109, 111 (3d Cir. 2019) (stating "[w]hile the one-year limit does not explicitly apply to Rule 60(b)(6) motions, a movant under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment."); *Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within a reasonable time); *Fattah v. United States*, 2020 WL 42759, at *2 (E.D.PA. Jan. 2, 2020) (stating "a motion filed under Rule 60(b)(6) more than one year after final judgment is generally considered untimely unless exceptional circumstances justify the delay."). Notably, the Third Circuit has consistently held that Rule 60(b)(6) provides "extraordinary relief" that is available only in "exceptional circumstances" to address an extreme or unexpected hardship. *Coltec Indus., Inc. v.*

4

*Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002); *see also Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008).

As previously noted, the Court dismissed this case pursuant to Petitioner's own request, and his bare-boned reason for re-opening the case – to have "an opportunity to submit [his] federal habeas claims" – does not provide a basis for Rule 60(b)(1) or (6) relief. Additionally, Petitioner's request to re-open is untimely under Rules 60(b)(1) and (6), and he has not provided any reason for waiting one year and five months to file the instant Motion to Reopen after he voluntarily withdrew his habeas petition. Thus, Petitioner's Motion does warrant Rule 60(b) relief.

## IV. CONCLUSION

For all of the aforementioned reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Reopen (D.I. 7) is DENIED.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge